**UNITED STATES of America,**
**Appellee,**

v.

**Darnyl PARKER, Defendant–Appellant.**

**No. 02–1318.**

United States Court of Appeals,
Second Circuit.

March 23, 2004.

---

Mark J. Mahoney, Harrington & Mahoney, Buffalo, NY, for Appellant.

PRESENT: FEINBERG, CABRANES, and POOLER, Circuit Judges.

## SUMMARY ORDER

Defendant appeals from a March 4, 2002 order entered by the United States District Court for the Western District of New York (Richard J. Arcara, *Judge* ), which denied him appointment of counsel under the Criminal Justice Act ("CJA"), 18 U.S.C. § 3006a.

Defendant argues on appeal that the District Court improperly denied him mid-case [1] appointment of counsel under the CJA. Defendant argues, *inter alia*, that, in denying his motion for appointment of counsel, the District Court wrongly relied on defense counsel's representation at his initial appearance that he had been "fully retained" for the duration of the proceedings. Appellant's Br. at 35–36. According to defendant, there is a "practice [in the

Western District of New York] of extracting such assurances from retained counsel at arraignment." *Id.* at 35. To require counsel to make such a representation early in the proceedings, then rely on it later to deny mid-case appointment of counsel under the CJA, according to defendant, effects "an unwritten rule of stinginess toward mid-case appointment of counsel" in the Western District, and "is, in its practical effect, simply a device to shift the financial risk [of a change in defendant's circumstances] to defense counsel." *Id.* at 35–36.

In its two opinions considering defendant's CJA motion, the Court refers to the Western District's "practice of inquiring into whether counsel has been 'fully retained' for the purposes of all the proceedings in the case." *See United States v. Parker*, No. 00–CR–0053A, at 4 (W.D.N.Y. Jan. 25, 2002) (under seal); *see also United States v. Parker*, No. 00–CR–0053A, at 4 (W.D.N.Y. Mar. 4, 2002). In addition, in denying defendant CJA relief, the Court relies on defense counsel's representation at his initial appearance that he had been "fully retained." *See Parker*, No. 00–CR–0053A, at 4 (W.D.N.Y. Mar. 4, 2002). Unfortunately, nowhere in the record is the nature or scope of such a Western District practice set forth for our review. Further hindering our review is the fact that, although the District Court cites Western District "practice" in its opinions disposing of defendant's motion for appointment of counsel, *see Parker*, No. 00–CR–0053A, at 4 (W.D.N.Y. Jan. 25, 2002) (under seal); *see also Parker*, No. 00–CR–0053A, at 4 (W.D.N.Y. Mar. 4, 2002), those opinions neither elaborate on the nature or justifications for the referenced practice, nor

---

1. Defendant did not move for appointment of counsel under the CJA until "extensive pretrial litigation over the particularity and validity of the charges" had been conducted. Appellant's Br. at vi.

directly address the compatibility of such a practice with the CJA. Moreover, because the Government is not a party to the appeal, we do not have the benefit of advocacy in support of the position of the District Court or in favor of any challenged rule or practice of the Western District.

Western District practice is most appropriately challenged in the first instance before that court. In addition, our review of the District Court's decision would benefit from elaboration of the record with respect to the practices of the Western District. Accordingly, without intimating any view on the merits of defendant's arguments or the practices of the Western District, we vacate the order of the District Court denying defendant CJA relief and remand for the District Court to consider the compatibility of Western District custom and practice with the requirements of the CJA. On remand, we suggest that the District Court appoint *pro bono* counsel to represent the interests of the District Court and to represent it in any later appeal.

If and when another appeal in this case is filed, the matter shall be assigned to a new panel of the Court in the normal course.

The judgment of the District Court is VACATED AND REMANDED.

The mandate shall issue forthwith.